# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-10582
Summary Calendar

LAKEITH AMIR-SHARIF

Plaintiff-Appellant

v.

DALLAS COUNTY TEXAS; LUPE VALDEZ, Dallas County Sheriff;
PARKLAND MEMORIAL HOSPITAL, Board of Directors; SUSAN PHILLIPS,
Vice President, Parkland Memorial Hospital/Jail Health Care Coordinator; DR
STEVEN BOWERS, Jail Medical Director; UNIVERSITY OF TEXAS MEDICAL
BRANCH, Jail Health Care Provider; KENNETH MAYFIELD, DALLAS
COMMISSIONER; EDGAR L MCMILLIAN JR

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-143

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Lakeith Amir-Sharif filed the instant 42 U.S.C. § 1983 suit to seek redress

for alleged wrongs perpetrated upon him while he was incarcerated in the Dallas

County Jail. The district court dismissed several of his claims prior to service

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

upon the defendants and granted the defendants' motion for summary judgment as to the remaining claims. Amir-Sharif now moves this court for authorization to proceed in forma pauperis (IFP) on appeal from the dismissal of his suit. A movant who seeks authorization to proceed IFP on appeal must demonstrate that he is a pauper and that his appeal involves nonfrivolous issues. Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982).

Amir-Sharif's motion and brief to this court focus exclusively on the district court's determination that the defendants' motion for summary judgment should be granted because Amir-Sharif had failed to properly exhaust his claims. Amir-Sharif has failed to brief, and has thus abandoned, any claims he may have had concerning the propriety of the district court's initial determination that some of his claims should be dismissed prior to service upon the defendants. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993); see also FED. R. APP. P. 28(a)(9).

Amir-Sharif has likewise failed to brief, and has thus abandoned, the district court's alternate determination that the defendants' motion for summary judgment should be granted because he had failed to show genuine issues of material fact concerning the merits of his claims. Failure to address this alternate determination has the same effect as if Amir-Sharif had not appealed the district court's judgment. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Amir-Sharif's motion to proceed IFP is denied, and this appeal is dismissed as frivolous.

Amir-Sharif has filed numerous frivolous actions in this and other courts. We have warned him that he would likely be sanctioned if this pattern of behavior continued. Amir-Sharif disregarded our warning. We now order him to pay $100 as a sanction to the clerk of this court. Amir-Sharif is barred from filing any civil appeal in this court, unless the district court certifies the appeal

is taken in good faith, until the total amount of the sanction is paid.  We warn Amir-Sharif that any future frivolous filings may result in additional sanctions.

IFP DENIED; APPEAL DISMISSED; SANCTION IMPOSED; SANCTION WARNING ISSUED.